J-A05042-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMONT FULTON | : | |
| | : | |
| Appellant | : | No. 80 EDA 2020 |

Appeal from the PCRA Order Entered December 13, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0413241-2002

BEFORE:   OLSON, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                          Filed: April 22, 2021

Appellant, Lamont Fulton, appeals *pro se* from the order entered in the Court of Common Pleas of Philadelphia County dismissing as untimely his third petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A § 9541-9545.   He contends dismissal was erroneous because his petition satisfied both the "new constitutional right" and the "newly-discovered fact" exceptions of the PCRA.   We affirm.

A panel of this Court previously has set forth the relevant facts and procedural history of Appellant's case, as follows:

> Following a bench trial, which was held on March 8, 2006, Appellant was found guilty but mentally ill of first-degree murder and guilty of possession of an instrument of crime ("PIC").   On May 8, 2006, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole on the murder conviction and a concurrent term of two and one-half to five years

---

[*] Former Justice specially assigned to the Superior Court.

of incarceration for the PIC conviction. Appellant filed a direct appeal to this Court, and in a memorandum filed on November 16, 2007, this Court affirmed Appellant's judgment of sentence *Commonwealth v. Fulton*, 1535 EDA 2006, 944 A.2d 791 (Pa. Super. November 16, 2007) (unpublished memorandum). Appellant did not pursue an appeal in the Pennsylvania Supreme Court.

On August 11, 2008, Appellant filed a PCRA petition seeking the reinstatement of his right to file a petition for allowance of appeal with the Pennsylvania Supreme Court. Counsel was appointed, and on December 18, 2009, the PCRA court reinstated Appellant's right to seek allowance of appeal in the Supreme Court. On August 11, 2010, the Supreme Court denied Appellant's petition. *Commonwealth v. Fulton*, 3 A.3d 670 (Pa. 2010).

On September 17, 2010, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and Appellant filed an amended PCRA petition on May 9, 2012. On May 3, 2013, pursuant to Pa.R.Crim.P. 907, the PCRA [court] notified Appellant of its intent to dismiss the PCRA petition without a hearing. The PCRA court dismissed Appellant's PCRA petition in an order filed on July 11, 2013. On July 29, 2013, Appellant filed a timely appeal.

[ ] Appellant averred trial counsel had been ineffective for failing to pursue a claim of diminished capacity in light of his suffering from a serious mental illness at the time of the offense. In finding no merit to this claim and in affirming the PCRA court's Order, this Court noted that:

> [t]he record reveals that trial counsel pursued a diminished capacity defense and provided supporting documentation in the form of Appellant's mental health evaluations, diagnoses, opinions, and medical records. N.T., Trial, 3/8/06, at 108–110. Moreover, trial counsel argued that, should the trial court find Appellant guilty, in light of Appellant's mental health issues which are supported by the aforementioned documents, the conviction should only be for third-degree murder due to Appellant's mental health. *Id*. at 160–164.

***Commonwealth v. Fulton***, No. 2168 EDA 2013, unpublished memorandum at 1–2, 5-6 (Pa.Super. filed July 30, 2014). The Pennsylvania Supreme Court denied Appellant's Petition for Allowance of Appeal on January 26, 2015. ***Commonwealth v. Fulton***, 630 Pa. 740, 108 A.3d 34 (2015).

On February 3, 2015, Appellant filed [a] PCRA petition, his second, *pro se*. Appellant thereafter filed amended and/or supplemental petitions on February 15, 2015, August 26, 2015, September 15, 2015, January 6, 2016, May 14, 2016, and October 26, 2016. After notifying Appellant of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P 907 on July 17, 2017,[] the PCRA court dismissed Appellant's petition in its Order filed on September 15, 2017.

. . .

[On appeal, Appellant] argued ineffective assistance of all prior counsel. His main contention, however, was that trial counsel was ineffective for advancing a diminished capacity defense that contradicted [Appellant's] own testimony that he was innocent. PCRA petition, 2/18/15 [sic] at 21–44; ***see also*** Amended PCRA petition, 9/18/15, Response to 907, 7/24/17, and *Pro se* Correspondence, 7/26/17. [We concluded, however, that] in pleading his claim, [Appellant] utterly failed to invoke an exception to the timeliness exception, electing, instead, to address the alleged merits of his underlying claims. . . . Additionally, a careful review of the record reveal[ed] that his ineffectiveness claim regarding the diminished capacity defense was raised by Ms. Elayne Bryn, who was his counsel on his first PCRA petition.[] This claim was dismissed, the dismissal affirmed by the Superior Court, and allocator denied by the Pennsylvania Supreme Court. As this ineffectiveness claim was previously litigated, [Appellant] was not eligible for relief. 42 Pa.Cons. Stat. § 9543(a)(3).

. . .

To the extent Appellant attempt[ed] to invoke the newly recognized constitutional right exception in his appellate brief, he [ ] waived any such argument, as an exception to the PCRA time bar must be pled in a PCRA petition and cannot be raised for the first time on appeal. ***Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007), *appeal denied*, 598 Pa. 786, 959 A.2d 927

- 3 -

(2008); ***see also***, Pa.R.A.P. 302(a)(providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Moreover, [we observed that] the cases to which Appellant cite[d], ***McQuiggen v. Perkins***, 569 U.S. 383, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013) and ***Martinez v. Ryan***, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012) pertain to federal *habeas corpus* law, not PCRA petitions; thus, they are not dispositive of Appellant's claims.

***Commonwealth v. Fulton***, No. 3275 EDA 2017, 2018 WL 2077855, at *1 (Pa. Super. 2018).

On May 29, 2018, Appellant filed *pro se* the present PCRA petition, his third. As noted, it raises claims effectively asserting that his patently untimely petition qualifies for an exception to the time-bar under either the new constitutional right exception or the newly-discovered fact exception. On December 13, 2019, the PCRA court dismissed the petition as untimely. This appeal followed.

When reviewing the denial of a PCRA petition, our standard of review is limited to examining whether the PCRA court's determination is supported by evidence of record and whether it is free of legal error. ***Commonwealth v. Smallwood***, 155 A.3d 1054, 1059 (Pa. Super. 2017) (citations omitted).

At the outset, we consider whether this appeal is properly before us. The question of whether a petition is timely raises a question of law, and where a petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Commonwealth v. Callahan***, 101 A.3d 118, 121 (Pa. Super. 2014).

- 4 -

All PCRA petitions must be filed within one year of the date upon which the judgment of sentence became final, unless one of the statutory exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies.  The petitioner bears the burden of pleading and proving an applicable statutory exception.  If the petition is untimely and the petitioner has not pleaded and proven an exception, the court must dismiss the petition without a hearing for want of jurisdiction to consider the merits.  ***Commonwealth v. Taylor***, 65 A.3d 462, 468 (Pa.Super. 2013).

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) states:

**(b) Time for filing petition.—**

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment of sentence becomes final, unless the petition alleges and the petitioner proves that:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States:
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).  In addition, any petition attempting to invoke one of these exceptions "shall be filed within one year of the date the claim could

have been presented." 42 Pa.C.S.A. § 9545(b)(2) (effective January 16, 1996, to December 24, 2018).[1]

As indicated in the procedural history recited above, Appellant's judgment of sentence became final on or about November 11, 2010. **See** 42 Pa.C.S.A. § 9545(b)(3) ("a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania or at the expiration of time for seeking the review"). Therefore, Appellant had to file the present petition by November 11, 2011, for it to be considered timely. Because the instant PCRA petition was filed on May 29, 2018, it is patently untimely, and the burden fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to invoke a statutory exception to the PCRA time-bar, a petitioner must properly plead and prove all required elements of the exception).

---

[1] We note that effective December 24, 2018, the time period in which to file a petition invoking one of the three exceptions was extended from 60 days to one year. 42 Pa.C.S.A. § 9545(b)(2) (current version). This amendment applies to claims arising one year prior to the effective date of the amendment, *i.e.*, on December 24, 2017, or later. Act 2018, Oct. 24, P.L. 894, No. 146, § 3. Because Appellant filed the instant PCRA petition on May 29, 2018, the amendment applies.

Though Appellant's *pro se* brief lacks a clear statement of the questions presented, a generous reading allows this panel to discern the briefing of two discrete issues, each claiming an applicable exception to the PCRA time-bar.[2] First, Appellant argues that he meets the new constitutional right exception based on **McQuiggen**.[3]  It is apparent, however, that more than five years have lapsed between the filing of the 2013 decision and the instant petition raising this claim, and Appellant has failed to plead, let alone prove, a plausible explanation as to how his presentation of this claim satisfies Section 9545(b)(2).

By Appellant's own admission, he possessed sufficient clarity of mind by 2013 to recognize he suffered from a mental illness, and the record otherwise

---

[2] Subsequent to the filing of his brief, Appellant filed with this Court two *pro se* applications for relief on February 3, 2021 and February 16, 2021, respectively.  Because we deem each application largely incoherent and, thus, incapable of meaningful review, we deny the requested relief.

[3] In **McQuiggen**, the United States Supreme Court held that in federal *habeas corpus* proceedings, strict compliance with the one-year statute of limitations imposed by 28 U.S.C. § 2244(d) will not be required when the petitioner advances a convincing claim of actual innocence.  **McQuiggen**, 133 S.Ct. at 1928.  Instead, under **McQuiggen**, petitioners who assert a convincing actual innocence claim may invoke the miscarriage of justice exception to overcome the federal *habeas corpus* statute of limitations. **Id**.  However, in **Commonwealth v. Brown**, 143 A.3d 418, 420-21 (Pa. Super. 2016) this Court addressed the applicability of **McQuiggen** to the timeliness provisions set forth in the PCRA and found the decision "irrelevant to the time restrictions of our PCRA."

reflects his active participation in his collateral appeals starting in 2008. Even if we were to credit Appellant's initial attempt to raise the **McQuiggen** issue in his appeal from the 2017 order dismissing his second PCRA petition,[4] that still occurred more than four years after **McQuiggen** was filed. Given this record, Appellant's claim raising a new constitutional right exception fails to satisfy Section 9545(b)(2), as we discern no reason why Appellant could not have presented this claim within one year of the 2013 **McQuiggen** decision

Second, Appellant posits that his alleged first-time realization in February of 2013 that he suffered from a mental illness qualifies the present petition for the newly discovered fact exception to the one-year filing requirement. **See** Appellant's brief, at 5. Again, even if we accept this unsubstantiated timeline as true, it does not qualify his petition for the newly-discovered fact exception because, *inter alia*, Appellant failed to meet his obligation under Section 9545(b)(2) to file a petition raising this exception within one year of his discovery of the new fact.

For the foregoing reasons, we conclude that the PCRA court properly dismissed Appellant's patently untimely third PCRA petition, as Appellant failed to plead and prove the applicability of an exception to the time-bar.

Order affirmed.

_____

[4] Appellant raised this very issue in his 2015 PCRA appeal, and this Court reasoned that **McQuiggen** was inapposite to Appellant's PCRA case even if he had preserved the issue by raising it in his petition.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date:* *4/22/21*